UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROY LEE NELSON,<br><br>                    Plaintiff,<br><br>     v.<br><br>ADA COUNTY, and JOHN DOES I - X,<br><br>                    Defendants. | Case No. 1:14-CV-00535-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court in the above-entitled matter is Defendant's Motion to Dismiss. The parties have filed their responsive briefing and the matter is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this Motion shall be decided on the record before this Court without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Roy Lee Nelson has brought this action against the Defendants Ada County and John Does I-X raising state and federal law based violations of his Fifth, Eighth, and Fourteenth Amendment rights. The factual circumstances surrounding Mr. Nelson's claim are that he suffers from a low back condition which required surgery in 2012 resulting in his

**MEMORANDUM DECISION AND ORDER- 1**

having difficulty walking without assistance. In the fall of 2013, Mr. Nelson was detained at the Ada County Jail where he was required to wear flip flop sandals instead of tennis shoes and was shackled during transports both of which aggravated his difficulty walking. He alleges the Defendants were aware of his back condition and difficulty walking unassisted but, regardless, still required that he wear the sandals and be shackled. Prior to September 13, 2013, the Defendants provided Mr. Nelson with a wheelchair to use when he made court appearances in order to protect him from a fall.

On September 13, 2013, Mr. Nelson was transported to the Ada County Courthouse for another court appearance. He was again shackled and required to wear flip flop sandals. At this hearing, however, the Defendants denied his request for a wheelchair but did assist him getting into the courtroom. Following the hearing, Mr. Nelson alleges the Defendants again refused his request for a wheelchair but also failed to assist him in exiting the courtroom. This deliberate indifference, he alleges, caused Mr. Nelson to trip and fall hitting his head and causing him to lose consciousness. Mr. Nelson was transported to Saint Alphonsus Regional Medical center where it was revealed that he had suffered a large intervertebral disc herniation in his cervical spine. Mr. Nelson alleges the Defendants were deliberately indifferent to his need for care of his serious medical condition for well over a month by refusing to provide him with necessary medical treatment and pain medication.

On October 28, 2013, the charges against Mr. Nelson were dismissed and he was released from the Ada County Jail. Mr. Nelson underwent surgery on November 15, 2013 to repair his cervical spine injury. Mr. Nelson has brought this action against the Defendants

**MEMORANDUM DECISION AND ORDER- 2**

alleging they failed to properly train, supervise, direct, and/or control their staff responsible for his safety. Specifically pointing to the Defendants' failure to provide him with a wheelchair at the September 2013 court hearing or any assistance when he was not in the wheelchair and requiring that he walk in sandals while shackled. (Dkt. 1 at ¶ 22.) The Complaint generally alleges that the Defendants' "conduct and policies as alleged above constitute gross negligence and/or reckless, willful and wanton conduct within the meaning of Idaho Code § 6-904C." (Dkt. 1 at ¶ 23.) Defendant Ada County has filed the instant Motion to Dismiss for failure to state a claim which the Court now takes up in this Order and finds as follows.

## STANDARD OF REVIEW

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. Federal Rule of Civil Procedure 8(a) sets forth minimum pleading rules, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In general, a motion to dismiss will only be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Although "we

must take all of the factual allegations in the complaint as true, we are not bound to accept

as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to

defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Comm. Learning

Cent., Inc.*, 590 F.3d 806, 811-12 (9th Cir. 2010) (citation omitted).

      The Ninth Circuit has refined the above pleading standard in regard to its application

to the particular § 1983 claim raised in this case to require:

> First, to be entitled to the presumption of truth, allegations in a complaint ...
> may not simply recite the elements of a cause of action, but must contain
> sufficient allegations of underlying facts to give fair notice and to enable the
> opposing party to defend itself effectively. Second, the factual allegations that
> are taken as true must plausibly suggest an entitlement to relief, such that it is
> not unfair to require the opposing party to be subjected to the expense of
> discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see also A.E. ex rel. Hernandez v. County

of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). Both parties have recognized and cited to this

language in their briefing on this Motion. (Dkt. 7, 8.)

**MEMORANDUM DECISION AND ORDER- 4**

## DISCUSSION

Ada County argues the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Mr. Nelson failed to specifically identify a policy, custom or practice, and explain how it was the moving force behind a violation of his constitutional right as required for a claim against a governmental entity. (Dkt. 4, 8.) Mr. Nelson maintains he has stated a claim against Ada County alleging actions taken in accordance with established Ada County policy that satisfies the pleading standards of Rule 8. (Dkt. 7.) Alternatively, Mr. Nelson argues he should be allowed to file an amended complaint.

The claim against Ada County is made pursuant to § 1983.[1] "A local government may be liable under § 1983 if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Williams v. County of Alameda*, 26 F.Supp.3d 925, 946 (N.D. Cal. 2014) (quoting *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 692 (1978)). "Because there is no respondeat superior liability under § 1983, 'Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury.'" *Id.* (quoting *Monell*, 436 U.S. at 691). Stated differently, "plaintiffs must establish that 'the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [they] suffered.'" *A.E. ex rel. Hernandez*, 666 F.3d at 636 (quoting *Whitaker v.*

---

[1]The Complaint also raises state law grounds over which this Court may exercise supplemental jurisdiction. (Dkt. 1.) Section 1983, however, is the basis for federal jurisdiction. For that reason, it is most logical to discuss the Motion to Dismiss in terms of the requirements of § 1983 in order to ensure federal jurisdiction exists in this case.

*Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citation and internal quotation marks omitted)).

Here, the Complaint recites the factual circumstances of Mr. Nelson's case and makes the following allegations in support of the § 1983 claim against Ada County:

> The named defendant, all times material hereto, was and is an Idaho County, a political subdivision of the State of Idaho, and acted pursuant to established county policies, procedures, and practices.

> The defendants and/or some of them failed to properly, train, supervise, direct, and/or control the staff responsible to ensure Plaintiff's safety by failing to provide him with a wheelchair or any assistance when he was not in a wheelchair, when he was required to walk in flip-flop sandals while shackled.

> As a direct and proximate result of the defendant's unlawful conduct as alleged above, Plaintiff suffered severe, permanent, and extreme disability, impairment, disfigurement, physical, mental and emotional pain, suffering, anguish, distress, and loss of enjoyment of life, requiring past and future medical treatment and assistance and causing him to incur the cost and expense therefor, and causing Plaintiff to suffer substantial general and special damages, both past and future, to an extent and in such amounts to be proven at trial.

> The defendants' conduct and policies as alleged above were malicious, wanton, oppressive, and/or in reckless disregard of Nelson's federally protected rights, for which he is entitled to an award of punitive damages under 42 U.S.C. §1983.

(Dkt. 1.) The prayer for relief seeks a "judicial declaration that the defendants' conduct and policies were in violation of Plaintiff's rights secured by the United States Constitution." (Dkt. 1.)

The Court has reviewed the Complaint as well as the arguments made by counsel in their briefing on this Motion and the entire record herein. Having done so, the Court finds that Mr. Nelson has failed to state a plausible claim for relief under § 1983 against Ada

**MEMORANDUM DECISION AND ORDER- 6**

County. *See A.E. ex rel. Hernandez*, 666 F.3d at 637 (discussing *Starr*, 652 F.3d 1216). The factual allegations concerning the circumstances of Mr. Nelson's claim – i.e., his difficulty walking, that he was required to wear sandals and was denied a wheelchair, and that he fell – may be sufficient to give fair notice to Ada County as to the circumstances of the case. The Complaint, however, lacks adequate allegations linking those circumstances to any policy or custom of Ada County that was the moving force behind the alleged constitutional violations as required for a § 1983 claim against a local government entity. *See Mateos-Sandoval v. County of Sonoma*, 942 F.Supp.2d 890, 899 (N.D. Cal. 2013) (distinguishing *A.E. ex rel. Hernandez*, 666 F.3d at 637-38). Thus, the allegations in the Complaint, even if taken as true, do not plausibly suggest an entitlement to relief under § 1983. *See A.E. ex rel. Hernandez*, 666 F.3d at 637-38. For these reasons, the Court will grant the Motion to Dismiss.

**3.     Leave to Amend**

Mr. Nelson argues leave to amend the Complaint should be granted in the event the Court grants the Motion to Dismiss this claim. Federal Rule of Civil Procedure 15(a) provides that, once a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2). The Ninth Circuit Court of Appeals recognizes that "the underlying purpose of Rule 15 [is] to facilitate [a] decision on the merits, rather than on the pleadings or technicalities," and, therefore, "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Chudacoff*

**MEMORANDUM DECISION AND ORDER- 7**

*v. University Med. Cent. of Southern Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

The decision whether to grant or deny a motion to amend pursuant to Rule 15(a) rests in the sole discretion of the trial court. The four factors that are commonly used to determine the propriety of a motion for leave to amend are: 1) undue delay, bad faith or dilatory motive on the part of the movant; 2) repeated failure to cure deficiencies by amendments previously allowed; 3) undue prejudice to the opposing party by virtue of allowance of the amendment; and 4) futility of amendment. *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 n. 5 (9th Cir. 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, "[t]hese factors . . . are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *Webb*, 655 F.2d at 979 ("The mere fact that an amendment is offered late in the case is . . . not enough to bar it."); *Bowles v. Beade*, 198 F.3d 752, 758 (9th Cir. 1999). "Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading." *Webb*, 655 F.2d at 980 (citation omitted). The Ninth Circuit has held that although all these factors are relevant to consider when ruling on a motion for leave to amend, the "crucial factor is the resulting prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1189 (9th Cir. 1973). Indeed, prejudice is the touchstone of the inquiry under Rule 15(a). *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Ultimately, "[u]nless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint." *Howey*, 481 F.2d at 1190.

**MEMORANDUM DECISION AND ORDER- 8**

The Court finds leave to amend should be granted in this case. It is early in the case and there is no evidence of any bad faith nor does it appear that allowing an amendment will unduly delay this litigation. Moreover, the Court cannot say at this time that it would be futile to amend the claims based on the record as it currently stands; particularly in light of the response brief's argument that the Complaint has stated a claim against Ada County. (Dkt. 7 at 4.) Because it may be possible for Mr. Nelson to allege sufficient facts to state a plausible § 1983 claim against Ada County, the Court will grant Mr. Nelson leave to file an amended complaint.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion to Dismiss (Dkt. 4) is **GRANTED**. IT IS FURTHER ORDERED that Plaintiff is granted leave to file an amended complaint in this action, as stated herein, on or before **August 31, 2015**.

IT IS FURTHER ORDERED a stipulted litigation plan shall be due on or before **September 30, 2015.**

DATED:  **July 17, 2015**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM DECISION AND ORDER- 9