UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROY LEE NELSON,<br><br>                    Plaintiff,<br><br>     v.<br><br>ADA COUNTY, and JOHN DOES I - X,<br><br>                    Defendants. | Case No. 1:14-CV-00535-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in the above-entitled matter is Plaintiffs' Motion for Clarification and/or Reconsideration. (Dkt. 17.) The parties have filed their responsive briefing and the matter is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion shall be decided on the record before this Court without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Roy Lee Nelson initiated this case against Defendants Ada County and John Does I-X raising claims based on state and federal law. The claims arose during the time Mr. Nelson was detained at the Ada County Jail. Ada County filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 4.) This Court granted the Motion to

**MEMORANDUM DECISION AND ORDER- 1**

Dismiss concluding the Complaint failed to allege a plausible § 1983 claim against Ada County. (Dkt. 15.) Mr. Nelson was granted leave to file an amended complaint on or before August 31, 2015. Thereafter, Mr. Nelson filed the instant Motion for Clarification and/or Reconsideration pursuant to the "applicable" Federal Rules of Civil Procedure; in particular Rules 59 and 60. (Dkt. 17.) The Court finds as follows.

## STANDARD OF LAW

Federal Rule of Civil Procedure Rule 59 provides a means whereby the Court may order a new trial or alter or amend a judgment. Fed. R. Civ. P. 59. No trial has been held in this case nor has any judgment been entered. Accordingly, Rule 59 does not apply here.

Federal Rule of Civil Procedure 60(b) provides that the Court may reconsider a final judgment or any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond [her] control that prevented [her] from proceeding with the action in a proper fashion." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006). In addition, the Ninth Circuit has confirmed that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered [her] unable to prosecute [her] case." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010). This Rule must be "used sparingly as an equitable remedy to prevent manifest

**MEMORANDUM DECISION AND ORDER- 2**

injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005)). Any Rule 60(b) motion must be brought within a reasonable time and no later than one year after entry of judgment or the order being challenged. *See* Fed. R. Civ. P. 60(c)(1).

## DISCUSSION

Plaintiff argues the Court should reconsider and/or clarify its ruling granting the Defendants' Motion to Dismiss. (Dkt. 17.) In particular, Plaintiff asks that the Court clarify that its ruling was only a "partial" dismissal as to the § 1983 claims against Ada County and not a dismissal of the § 1983 claims against John Does I-X nor the state law claims. Ada County has responded arguing the dismissal was as to the Complaint in its entirety and, regardless, because leave to amend has been granted no further clarification is necessary. (Dkt. 18.)

The Court has reviewed its prior ruling, the arguments of the parties, and the entire record herein. Having done so, the Court finds the Order granting the Motion to Dismiss is clear and there is no basis shown for reconsideration of the same under Rule 60. The Court's Order dismissed the § 1983 claim against Ada County. The Order is silent as to the state law claim as well as any claims against John Does I-X as it was unnecessary to resolve those matters in light of the fact that the Court granted Mr. Nelson leave to file an amended complaint. Those issues may be resolved upon an appropriate motion after the amended

**MEMORANDUM DECISION AND ORDER- 3**

complaint is filed.[1] Because the ruling in the Order is clear and the Plaintiff has not shown any other basis for reconsideration, the Motion is denied.

As to the request for sanctions under Rule 11 against the Defendants, the Court denies the same. (Dkt. 19.) The request made in Plaintiff's reply briefing is not a proper motion. (Dkt. 19); *see* Fed. R. Civ. P. 11(c)(2) (requiring a motion for sanctions to be "made separately from any other motion."); *see also* Fed. R. Civ. P. 11 advisory committee's note (stating "requests for sanctions must be made as a separate motion, i.e. not simply included as an additional prayer for relief contained in another motion."). Moreover, there no basis shown here for the imposition of sanctions under Rule 11.

Federal Rule of Civil Procedure 11 allows the Court to sanction a litigant who files a pleading or motion that fails to present "claims, defenses, and other legal contentions [that] are warranted by existing law" or "factual contentions [that] have evidentiary support." Sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Eng'rs Pension Trust v. A–C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988). Rule 11 sanctions are discretionary and represent "an extraordinary remedy, one to be exercised with extreme caution." *Id.* The contentions made in the Plaintiff's reply brief do not show that Ada County has engaged in actions warranting imposition of sanctions under

---

[1] The Court's Order set August 31, 2015 as the deadline for Plaintiff to file his amended complaint. (Dkt. 15.) Prior to that deadline, Plaintiff filed this Motion for Reconsideration and/or Clarification. (Dkt. 17.) Since then, the parties have agreed and this Court has ordered that the deadline for filing amended pleadings is February 29, 2016. (Dkt. 24.)

**MEMORANDUM DECISION AND ORDER- 4**

Rule 11.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiffs' Motion for Clarification and/or Reconsideration (Dkt. 17) is **DENIED**.

DATED:  **November 5, 2015**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER- 5**